UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRADLEY LAWHORN,

    Plaintiff,

  v.                                  Case No. 2:24-cv-913-KCD

ALICO, INC., A FLORIDA PROFIT
CORPORATION,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff Bradley Lawhorn's Motion to Compel. (Doc. 23.) Defendant did not respond, and the time to do so expired. The Court thus considers the motion unopposed. *See* Local Rule 3.01(c).

Lawhorn sues his former employer for discrimination. Through discovery, it was determined that Amie Turner was the individual who took over Lawhorn's position shortly after his termination. Lawhorn claims that the timeline of Defendant's contacts with Turner about the position, and the specifics of what job offers were communicated to her, are relevant to his case. Lawhorn has served discovery seeking such information.

Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information within Rule 26's scope "need not be admissible in evidence to be discoverable." *Id.* The presiding court, however, "on motion or

on its own" must limit discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *see also Pinehaven Plantation Properties, LLC v. Mountcastle Fam. LLC*, No. 1:12-CV-62 WLS, 2013 WL 6734117, at *1 (M.D. Ga. Dec. 19, 2013) ("In short, a district court may limit discovery when the burden of compliance outweighs its likely benefit or relevance.").

Lawhorn maintains that Defendant provided inadequate responses to interrogatory 22 and requests for production 49 and 53.

Starting with interrogatory 22, it asks:

> State the complete timeline of Aime Turner's hiring process, including the date she was first contacted for an interview, directly or indirectly, the date(s) of any interviews, the date she was extended an offer of employment, the date she accepted the offer, and the date she commenced employment.

(Doc. 23 at 3.)[1] Defendant's answer:

> After Lydia Gavner was hired as Chief of Staff in May/June of 2023, she was challenged to build out Alico's real estate team, which primarily were contractors, consultants, engineers and lawyers in order to assist Alico in determining the highest and best use for Alico's real estate assets. Over the summer, Alico determined that additional internal

---

[1] Doc. 23 is not paginated, so the Court uses the pagination generated by the Court's electronic filing system.

2

>financial support dedicated to its real estate program was needed. Several local LinkedIn profiles were reviewed, and upon information and belief, Ms. Gavner met with potential candidates in order to broaden her Southwest Florida professional network, as well as determine whether they might be a possible candidate. Upon information and belief, Ms. Gavner met with Amie Turner in late August 2023. In September 2023, Ms. Turner met with Brad Heine and John Kiernan to determine whether or not she would be an asset for Alico's real estate team, and to determine her progress with completing her masters degree in real estate finance. Satisfied, Alico offered her a position on the real estate team. After Plaintiff was terminated, Alico management agreed that Ms. Turner's professional experience and education would allow her to undertake Plaintiff's job duties, as well as the duties in a position on the real estate team. As such, she was extended an offer in October 2023 and stared [*sic*] 2 weeks later.

(*Id.* at 3-4.)

Lawhorn argues that the response is vague and incomplete under Federal Rule 26(b) because it provides only general information and contains conflicting information about when Turner was extended an offer. Not so. The answer is responsive, except that the date Turner accepted the offer is missing. Defendant must supplement to provide this limited information.

Turning to request for production 49, it seeks:

>All communications, including but not limited to, any electronic communications, communications done via social media, emails, correspondence, letters, text messages, regarding Aime Turner's hiring process.

Defendant's response:

>Objection. This Request No. 49 is overly broad, harassing, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Alico has already responded to Plaintiff's Interrogatory seeking information about the circumstances of Ms. Turner's hiring.

(Doc. 23 at 4.)

Defendant's response improperly relies on the outdated "not reasonably calculated" standard, which was eliminated by the 2015 amendments to Rule 26. *See* Fed. R. Civ. P. 26 adv. comm. note to 2015 amend. ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted."). The response is also mostly boilerplate. Defendant's assertion that the information is already within the interrogatory response does nothing to indicate whether Defendant has any responsive documents. Rule 34(b)(2)(C) states that an "objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). Aside from this procedural issue, the request is sufficiently limited to documents regarding Turner's hiring process. Thus, the motion to compel as to request number 49 is granted.

Finally, request for production 53 demands:

All communications between Plaintiff and Human Resources (or someone acting as or performing the role of human resources).

Defendant's response:

Objection. This Request No. 53 is overly broad, unduly burdensome, not properly limited in time, not properly limited in scope, and seeks documents that are not proportionate to the issues in this matter. Alico is willing to respond to a more narrowly tailored request.

4

(Doc. 23 at 5.) Lawhorn states that he is willing to narrow the request to communications specifically regarding his medical accommodations or medical issues, but it isn't clear whether any narrowed request was given to Defendant. (*Id.*)

Requests for production that demand all communications are generally improper. *See, e.g.*, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1309-10 (11th Cir. 2011) (finding a request for "[a]ny and all documents that support, evidence, prove or relate to the allegations made" in an amended complaint to be overbroad); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-CV-947-J-34HTS, 2008 WL 4279693, at *2 (M.D. Fla. Sept. 15, 2008) (holding that a request for all communications is overbroad); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-80241-CIV, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8, 2010). Literally construed, request 53 calls for every communication related to Lawhorn's employment—no matter how irrelevant to his underlying claims—spanning all time. The overbreadth is obvious, and the motion to compel directed to request 53 is denied.

Within 10 days of this order, Defendant must serve full and complete responses to the portion of interrogatory 22 discussed above, as well as respond and produce documents to request for production 49.

Lawhorn also asks for his "reasonable expenses, including attorney's fees, incurred in bringing this Motion." (Doc. 23 at 6.) If a motion to compel is

5

"granted in part and denied in part," as here, "the court may . . . apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court will award Lawhorn his expenses. Defendant raised boilerplate objections and resisted valid and reasonable discovery.

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the disobedient party. *See, e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

Defendant has not carried its burden. Indeed, it offers no opposition to the motion. *See Sanchez v. City of St. Cloud*, No. 6:22-CV-11-CEM-DCI, 2023 WL 6809621, at *3 (M.D. Fla. Oct. 16, 2023). Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**.

2. Within 10 days of this order, Defendant must answer interrogatory 22, as well as respond and produce responsive documents to request for production 49.

3. Within 14 days of this order, the parties must meet and confer about the expenses Lawhorn reasonably incurred in making the motion,

keeping in mind that Lawhorn only prevailed on a portion of his motion. If the parties cannot agree on a fee award, Lawhorn must submit a motion, which includes necessary supporting documents detailing his reasonable expenses, if he wishes to pursue such relief.

    **ENTERED** in Fort Myers, Florida on October 1, 2025.

Kyle C. Dudek
United States District Judge